LAW OFFICES OF DEBORAH L. RAYMOND
Deborah L. Raymond, SBN 173528
445 Marine View Avenue, Suite 305
Del Mar, CA 92014
(858) 481-9559

Attorney For Plaintiffs, TIMOTHY LOSACCO and FLORENCE LOSACCO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LOSACCO, an individual; FLORENCE LOSACCO, an individual, | **Case No. 08cv0810JM (POR)** |
| Plaintiffs, | **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| vs. | |
| FREMONT INVESTMENT & LOAN, a California corporation; and DOES 1-10, inclusive, | |
| Defendant(s). | |

PLAINTIFFS, Timothy Losacco and Florence Losacco ("Plaintiffs") submit this points and authorities in support of their Application For Temporary Restraining Order ("TRO") and Preliminary Injunction.

## I. FACTUAL BACKGROUND

On July 17, 2006, Plaintiffs entered into a consumer credit transaction ("Transaction") to refinance their principle dwelling/residence located at 804 Begonia Street, Escondido, California

Losacco v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

1

92027 ("Plaintiffs' Residence"), by entering into a mortgage with Defendant Fremont, in the amount of Four Hundred Thirty Two Thousand Nine Hundred Dollars ($432,900.00), secured by a first deed of trust on Plaintiffs' residence. *Declaration of Timothy Losacco*, ("T Dec."), para. 3; *Declaration of Florence Lossacco*, ("F Dec."), para. 3. The purpose of the Transaction was primarily personal, family and household in that it paid off the existing mortgages, along with other personal creditors. *T Dec*., para. 3; *F Dec*., para. 3. The Transaction was subject to a finance charge and was payable by written agreement in more than four installments.

The Transaction was required to comply with the Truth In Lending Act ("TILA") in that the loan was used for personal, family, household purposes, the Transaction was subject to a finance charge and payable by written agreement in more than four installments, and the Creditors were creditors within the meaning of 15 U.S.C. §1602(f) and Reg. Z, § 226.2, note 3.

Plaintiffs, in the course of the Transaction, signed numerous Transaction documents dated July 14, 2006. Immediately after Plaintiffs signed the Transaction documents, the signed Transaction documents were taken by the notary public and Plaintiffs were given another packet of documents and were told that the packet of documents were copies of the Transaction documents Plaintiffs had just signed. *T Dec*., para. 4; *F Dec*., para. 4. Plaintiffs did not receive required Transaction documents, including but not limited to two copies of the notice of right to cancel containing the date of the expiration of the cancellation period. Instead Plaintiffs received a total of six copies of the Notice of Right To Cancel containing an incorrect transaction date, i.e., July 14, 2006 and no date for the expiration of the cancellation period. Attached to *T Dec*. as Exhibits "A-1" through "A-6" is a true and correct copy of the six Notices of Right To Cancel received by Plaintiffs.

Reg. Z 226. 15 and 226.23 require that the borrowers receive two copies each of the Notice of Right to Cancel, which must contain the date of expiration of the cancellation period. The

Losacco  v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

2

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

Notice of Right to Cancel is a material disclosure. *Semar v. Platte Valley Federal Savings & Loan Association*, 791 F.2d 699, 703-704 (9th Cir. 1986).

As set forth in 15 U.S.C. §1635 and Reg. Z, 226.15, the failure to provide material disclosures extended Plaintiffs' right of rescission to three years.

On January 23, 2008, Defendant Fremont caused a Notice of Default to be recorded against Plaintiffs' residence in the office of the San Diego County Recorder.

On February 14, 2008, Plaintiffs, through their counsel, sent Defendant Fremont a Qualified Written Request ("QWR 1"), which was received by Defendant Fremont on February 15, 2008. Attached to the Declaration of Deborah L. Raymond ("Raymond Dec.")as Exhibit "A" is a copy of the QWR 1 sent to Defendant Fremont.

On March 5, 2008, within the three year period, Plaintiffs rescinded the Transaction by sending the notice (Rescission Notice) required by Regulation Z, along with another Qualified Written Request to Defendant Fremont, which was received by Defendant Fremont on March 7, 2008. Attached to Raymond Dec. as Exhibit "B" is a copy of the Rescission Notice mailed to Defendant Fremont

More than twenty (20) days has elapsed from the date that Defendant Fremont received the notice of rescission, and Defendant Fremont has failed, and continues to fail, to perform any of the acts required by 15 U.S.C. §1635(b). Even though Defendant was aware of the rescission, Defendant, contrary to complying the requirements of TILA, has willfully and intentionally proceeded to immediately foreclose upon Plaintiffs' residence by **scheduling a trustee's sale for May 15, 2008**. Only the issuance of an injunction will prevent the imminent foreclosure sale of Plaintiffs' residence and give Plaintiffs the opportunity to be heard on the merits.

## II. ARGUMENT

Losacco  v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

3

The purpose of a TRO is to preserve the status quo pending a full hearing on a preliminary injunction. *Bronco Wine Company v. United States Department of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996). A party seeking a TRO must satisfy the same test required for the issuance of a preliminary injunction. *Id.* A party seeking preliminary injunctive relief under Federal Rule of Civil Procedure 65 must show (1) a likelihood of success on the merits, (2) a significant threat of irreparable harm, (3) that the balance of hardships favor the applicant, and (4) whether any public interest favors granting an injunction. *Raich v. Ashcroft*, 352 F.3d 1222, 1227 (9th Cir. 2003)(citing *Dollar Rent A Car of Wash. Inc. v. Travelers Indem. Co.*, 774 F.2d 1371, 1374 (9th Cir. 1985)) *vacated and remanded on other grounds* by *Gonzalez v. Raich* 545 U.S. 1 (2005).

## A. THE MERITS OF PLAINTIFF'S CLAIMS

TILA and Reg Z contain detailed disclosure requirements for consumer loans. A creditor's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling. *Semar v. Platte Valley Federal Savings & Loan Association*, 791 F.2d 699, 703-704 (9th Cir. 1986). Technical or minor violations of TILA or Reg Z, as well as major violations, impose liability on the creditor and entitle the borrower to rescind. *Id.* To insure that the consumer is protected ....[TILA and Reg Z must] be absolutely complied with and strictly enforced. *Id.*

### a. TILA VIOLATIONS

Under TILA, certain documents, including but not limited to two completed Notices of Right to Cancel were required to be delivered in a timely manner to Plaintiffs, in a form that they could keep. 15 U.S.C. § 1635; Reg. Z, 226.15, 226.17.

Plaintiffs did not receive Notices of Right to Cancel containing the date of expiration of the cancellation period. Plaintiffs' Notices of Right to Cancel contained a blank line for the date

Losacco v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

4

of expiration of the cancellation period.

The failure to state the "specific" date that the cancellation period expires on the Notice of Right to Cancel was a violation of TILA, which gave Plaintiffs the extended three year right of rescission as provided in TILA at 15 U.S.C. §1635 and Reg. Z, 226.15. *Id.*; *Semar v. Platte Valley Federal Savings & Loan Association*, 791 F.2d 699, 703-704 (9th Cir. 1986).

Plaintiffs exercised their right of rescission within three years. Therefore, the security interest upon which the Defendants' are basing their foreclosure sale is void. 15 U.S.C. §1635.

**b. THE EFFECT OF RESCISSION IS THAT NO VALID SECURITY INTEREST EXISTS UPON WHICH DEFENDANT CAN MAINTAIN ITS FORECLOSURE ACTION**

TILA and Reg Z specifically describe the steps that must occur and their timing once a consumer rescinds. 15 U.S.C. §1635(b); Reg Z 226.23(d).

Step 1: Upon rescission by a consumer, the security interest (in this case **the deed of trust) is automatically void** and the consumer owes no finance or other "charges". "Other" charges include any closing costs even if they were paid to a third party. Reg Z, Official Staff Commentary, 226.23(d)(2)-1.

Step 2: Within 20 days of receipt of a consumer's notice of rescission, the creditor shall return to the consumer any money or property given by the consumer and shall take any action necessary or appropriate to reflect the termination of the security interest.

Step 3: Once the creditor performs its obligations, the consumer must tender the balance due to the creditor.

Step 4: If the creditor does not take possession of the property within 20 days after tender by the consumer, ownership in the property vests in the consumer.

Plaintiffs mailed their notice of rescission to Defendant on March 5, 2008 and Defendant received the notice of rescission on March 7, 2008. Under the statutory scheme, the deed

Losacco v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

5

of trust against Plaintiffs' residence is void and Defendant had 20 days from the date of rescission to release the deed of trust.

The deed of trust that Defendant has based its foreclosure action upon is void and unenforceable. **Yet, Defendant has scheduled a sale date of Plaintiffs' residence for May 15, 2008.**

## B. PLAINTIFFS' WILL SUFFER IRREPARABLE HARM IF INJUNCTIVE RELIEF NOT GRANTED

### a. Loss of Personal Residence Is Irreparable Harm

Defendant is attempting to foreclose upon Plaintiffs' personal residence. If injunctive relief is not granted, Plaintiffs will suffer the irreparable harm of their home being sold and potentially lost to them forever. Plaintiffs' home is unique and if it is sold to a bona fide purchaser, Plaintiffs will be unable purchase the exact same home anywhere else. In addition, if Defendants' foreclosure sale were permitted to happen, Plaintiffs would be forced to move from their home, and it would subject them to the irreparable harm of public humiliation and loss of reputation in the community in which they live. *T Dec.*, para. 8; *F Dec.*, para. 7.

### b. Deprivation of TILA Rights Is Irreparable Harm

Permitting Defendant to proceed with the foreclosure sale of Plaintiffs' residence could extinguish Plaintiffs' right of rescission and their claims against Defendant.

TILA provides that the right of rescission is extinguished upon the transfer of the property. Reg. Z 226.23(a)(3); Reg Z, *Official Staff Commentary*, 226.23(a)(3). "A sale or transfer of the property need not be voluntary to terminate the right to rescind." Reg Z, *Official Staff Commentary*, 226.23(a)(3). "For example, a foreclosure sale would terminate an unexpired right to rescind." *Id.*

If Defendant is not enjoined from selling Plaintiffs' residence by foreclosure sale,

Losacco  v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

6

Plaintiffs may suffer the irreparable harm of losing their TILA rights.  If Plaintiffs prove violations of TILA, that they had the right to rescind, and that they suffered damages from Defendant's violations of TILA, Plaintiffs could be left with no remedy.  Furthermore, failing to enjoin Defendant would lead to Defendant being rewarded for disregarding Plaintiffs' rights.

Allowing Defendant to proceed with the foreclosure sale and extinguish Plaintiffs' rights under TILA, could have far reaching ramifications, such as the negative effect of encouraging creditors to disregard Notices of Rescission from borrowers and immediately proceed to foreclosure in a race to sell the property at a Trustee's sale before the borrower could effectuate his rescission rights through the court process.

Based on the forgoing, if Defendant is not enjoined, Plaintiffs will suffer irreparable harm from the loss of their personal residence and from the possible loss of their rights under TILA for which they will have no adequate remedy.

## C. THE BALANCE OF THE HARDSHIPS FAVORS PLAINTIFFS

The irreparable harm Plaintiffs will suffer if their residence is sold through foreclosure far outweighs any harm to Defendant.  If the foreclosure sale is permitted to happen and Plaintiffs could have ultimately succeeded on the merits of their claims, Plaintiffs will have suffered irreparable harm.  However, if Plaintiffs do not succeed on their claims, Defendant would be free to continue with their foreclosure sale of Plaintiffs' residence.

Thus, if Plaintiffs do not prevail on their claims, Defendant will have ultimately lost nothing in affording Plaintiffs the opportunity to have their claims adjudicated.

## D. PUBLIC INTEREST FAVORS GRANTING INJUNCTION

The public interest will certainly be served by the issuance of injunctive relief in this case.  To allow the foreclosure sale of Plaintiffs' home without first determining the validity of the

Losacco  v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

7

underlying deed of trust undermines public interest.  The documents given to Plaintiffs' at the consummation of the loan, along with Plaintiffs' notice of rescission received by Defendant raise serious doubts as to the validity of the deed of trust that is the subject of the foreclosure proceedings. To allow the foreclosure proceeding to go any further will not only be a gross injustice, but will violate all notions of public policy as well as frustrating the clearly expressed intent of Congress in providing for the rescission remedy in TILA.

**E. NO ADDITIONAL SECURITY SHOULD BE REQUIRED FROM PLAINTIFFS**

Rule 65(c) requires that in order for a restraining order or preliminary injunction to be issued, a security must be given by the applicant, in such sum as the court deems proper.  FRCP 65(c) Defendant has not removed the security interest, i.e., deeds of trust from Plaintiffs' residence, and continue to maintain said interest in Plaintiffs' residence.

On said grounds, Plaintiffs request that the Court find that the deed of trust, which Defendants have failed and refused to remove, and continue to maintain is sufficient security to meet the requirements of FRCP 65(c) and no additional security will be required from Plaintiffs.

### III. CONCLUSION

Plaintiffs respectfully submit that they have shown that a TRO, and then, a preliminary injunction should issue because while comparatively great harm may result from withholding this relief, little injury will flow from granting it.  Further, Plaintiffs respectfully submit on its face, Plaintiffs' case has sufficient merit to support a finding that the status quo should be preserved until the controversy can be disposed of on the merits.

Plaintiffs request that the Court grant the TRO and then the preliminary injunction to restrain and enjoin Defendants, their agents, assigns, employees, officers, attorneys, and representatives and those in active concert or participation with Defendants or them, pending trial of

Losacco  v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

8

this action, from engaging in or performing any act to deprive Plaintiffs of their ownership and/or possession of the real property located at 804 Begonia Street, Escondido, California 92027, including but not limited to instituting, prosecuting, or maintaining foreclosure or sale proceedings on Plaintiffs' residence, from recording any deeds or mortgages regarding Plaintiffs' residence or from otherwise taking any steps whatsoever to deprive Plaintiffs of ownership and/or possession in Plaintiffs' residence, and **in particular from proceeding with the sale of Plaintiffs' residence scheduled for May 15, 2008.**

Date: May 8, 2008

                                 /s/ Deborah L. Raymond
                                  Deborah L. Raymond, Esq.
                                  Attorney for Plaintiffs

Losacco  v. Fremont Investment & Loan et al.
Case No. 08cv0810JM (POR)

9

PLAINTIFFS' MEMO OF POINTS AND
AUTHORITIES IN SUPPORT OF APPLICATION
TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION